EUGENIA MATTEI, AS TUTRIX FOR VICENTA BAERGA, Appellant, *v.* THE REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. G-66-8.     Decided May 5, 1967.

---

*José M. Saliceti* for appellant. The respondent Registrar appeared by brief.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

The most remote decision of this Court which is relevant to the solution of the juridical problem now before us is *Palou* v. *Registrar of Property*, 19 P.R.R. 352, decided in 1913, more than half a century ago. We considered therein the need for judicial authorization for a guardian of an incapacitated person to consolidate her real property pursuant to the provisions of subdivision 5 of § 282 of the Civil Code then in force,[1] which corresponds to our present § 212, 31 L.P.R.A. § 786, and we said that neither the letter nor the spirit of the Act required it. The order entered was based on the fact that (a) the consolidation of several properties previously recorded into a single property does not constitute an alienation thereof or an encumbrance thereon; (b) it does not partake of the character of a contract; and (c) al-

---

[1] "Section 282. The tutor shall require the authorization of the proper district court:

".        .        .        .        .        .        .

"5. To alienate or encumber the real property which constitutes the capital of the minor or incapacitated person or to make contracts or execute acts requiring recording. . . ."

though it is an act which involves a new registration, it is one of such a nature as to affect only the registry itself and does not create, modify, or extinguish any right whatsoever, invoking subdivision 2 of art. 60 of the Mortgage Law Regulations, 30 L.P.R.A. § 918.[2] This doctrine has been reiterated, with specific mention of *Palou* in *Berríos* v. *Registrar of Property of Caguas*, 27 P.R.R. 821, 822 (1919); *Baetjer* v. *Registrar*, 48 P.R.R. 627, 647 (1935), and *Torres* v. *Registrar*, 66 P.R.R. 490, 492–93 (1946).

*Hidalgo* v. *Registrar*, 37 P.R.R. 446 (1927), where *Palou, supra*, is cited with approval, elaborates further on the doctrine, and after considering various situations—leases under certain terms, cancellation of a mortgage, acceptance of a donation—agrees that evidently under the principle of hermeneutics of *noscitur a sociis* the purpose of subdivision 5 of § 212 is to require judicial authorization for the making of recordable contracts whereby the real property or property rights of minors are alienated or encumbered or might be prejudiced. It is agreed that the controlling factor should be whether the recordable instrument injures or prejudices the rights or interests of the minor or incapacitated person.[3]

---

[2] "When two estates are joined to form a single estate, the latter shall be recorded under a new number, a mention thereof being made in the margin of each of the previous records relating to the ownership of the estates combined. Reference shall also be made in the new record to the old records, as well as to the charges which previously encumbered the estates joined." See § 137 of the new proposed Mortgage Law, S.B. 604 of the Third Regular Session of the Fifth Legislative Assembly which substantially keeps intact this provision.

[3] Even though the ruling of refusal of the recording of the instrument presented was sustained—the deed for a tutor to acquire for his ward an undivided one-fourth interest in a property for an amount acknowledged to have been received from the purchasers prior to the date of the deed—the reasons given were that it could not be considered that under the circumstances shown in the instrument the case fell within the rule mentioned, and the fact that the transaction involved an investment of money belonging to the minor the value of which exceeded two hundred dollars.

With these precedents in mind, let us consider the refusal of the registrar which gives rise to this proceeding. By deed number 376 of October 19, 1966 executed before Notary José M. Saliceti, the grantor, Eugenia Mattei, as tutrix named by the court for her incapacitated mother, Vicenta Baerga, segregated a 5.24-cuerda farm valued at two thousand dollars, from one of a larger area, 645 cuerdas, to form a different and separate property and thus record it in the Registry of Property.[4] To justify his refusal the respondent registrar says: ". . . the act of segregation is an act included as such within the prohibitions of § 212 of the Civil Code, subdivision 5, which requires the authorization of the proper superior court . . . such segregation constituting an act of ownership for which a judicial authorization is required because it could prejudice the incapacitated person . . . upon mutilating or subdividing the property in question, without the registrar being able to assume that said division is beneficial and because the elements of judgment, to make that appreciation, lacking in the title, are the responsibility of the judiciary . . . and, besides, because of the ground of the ruling in administrative appeal *Hidalgo* v. *Registrar*, reported in 37 Puerto Rico Reports 446 . . . ." The registrar's note must be sustained.

In his well written brief the respondent registrar opposes the pronouncement originated in *Palou* to the effect that the consolidation is an act of such a nature as to affect only the registry itself and expressly requests that it be overruled. It is true that the new registration becomes a primary record of the new property to all the subsequent steps and vicissitudes of the property and that no operation can be made

---

[4] Although nothing is stated in the instrument, from the description of the farms it is inferred that the subdivision is one of those exempt in the rural zone, for agricultural purposes, the area of the remainder and of the new parcel being over five cuerdas. Section 3 of Planning Regulation No. 3, 23 R.&R.P.R. § 10–3.

regarding the consolidated properties which for all purposes are closed for registration purposes. But that works no obstacle to the sense in which such language was used, which was none other than to indicate that the consolidation, insofar as the dominion title is concerned, does not change the status of said properties already in the registry.

■■ Furthermore, he alleges that the consolidation as well as the segregation are strictly acts of ownership the execution of which corresponds only to the owner. The segregation is nothing but the separation of a parcel from its main property to constitute a different property. That is why it is required that the act be "within the discretion and option" of the owner and such power is denied to the creditor, *Álvarez* v. *Registrar*, 57 P.R.R. 651 (1940); *Moraza* v. *Registrar*, 45 P.R.R. 804 (1933), or to a lessee, *Surís* v. *Registrar*, 55 P.R.R. 524 (1939). Such requirement has been met in the case at bar inasmuch as the segregation is made by the only interested party, except that, because her legal capacity is affected, it is executed by the person who completes said capacity, her tutrix. Actually we do not see any reason to disturb the reiterated doctrine that judicial authorization be required for the execution of recordable acts or contracts which may injure or prejudice the rights of the minor or the incapacitated person.

■ Now, applying to the act of segregation that test of the possibility of injury or prejudice to the interests of the minor or incapacitated person, contrary to what ordinarily occurs in the consolidation, certain situations may arise which would require the judicial intervention to justify thoroughly the absence of injury or prejudice. The act of segregation may adversely affect the individual value of the parcels, especially that of the remainder, depending on the manner in which it is performed. We have so recognized in condemnation cases, *Commonwealth* v. *Fonalledas*, 84 P.R.R. 552, 567

*et seq.* (1962). Consideration of access to main highways and the isolation of tracts, proximity to public services, the manner in which future development compatible with the guides of urban development may be affected, and others which need not be enumerated, are relevant to pass judgment on the issue in order to prevent that which the registrar correctly classifies as a mutilation. The Superior Court is the proper court, in view of all the circumstances, to decide that no prejudice is caused to the incapacitated person. Besides, a segregation is generally made with a specific purpose which need not be stated in the deed, usually for disposing of it later. It is true that, regarding the alienation, judicial intervention is required but when recourse is had to a court to seek its authorization, the segregation is already a *fait accompli.*

We consider safer the position requiring that the segregation be subject to judicial authorization.

The note appealed from will be affirmed.